## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| XYAVION LAWRENCE,<br>Plaintiff | : <br> : <br> : | No. 3:24-CV-0502 <br><br> (Judge Munley) |
| v. | : <br> : | |
| WARDEN TALUTTO, *et al.*,<br>Defendants | : <br> : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Plaintiff Xyavion Lawrence initiated the above-captioned *pro se* action

under 42 U.S.C. § 1983,[1] alleging multiple constitutional violations by prison

officials at Lackawanna County Prison (LCP), in Scranton, Pennsylvania.  The

court will dismiss Lawrence's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for

failure to state a claim upon which relief may be granted but will provide limited

leave to amend.

### I.    BACKGROUND

Lawrence's handwritten complaint is somewhat difficult to follow, but it

appears that he is attempting to sue LCP officials for two unrelated incidents.

First, Lawrence alleges that "Lackawanna County Jail" violated his Eighth and

Fourteenth Amendment rights by confining him in administrative segregation for

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

an "indefinite" amount of time, *i.e.*, from March 30, 2023, until present. (Doc. 1 at 4-5). He claims that he is not being allowed to enter general population even though he has "no disciplinary issues at [LCP]." (Id.) From his complaint and attached exhibit, it appears that Lawrence has been placed in administrative segregation at LCP due to a "staff assault incident" that occurred at his prior prison. (See id. at 5; Doc. 1-1). Lawrence does not assert who made this custody decision.

In an unrelated incident, Lawrence alleges that he was denied a meal to break his Ramadan fast on a single occasion in June 2023. (See Doc. 1 at 4-5). He contends that he had informed LCP officials that he was a practicing Muslim and had received prior religious meals, but that on one evening he did not receive his meal because he had been "removed" from "the Ramadan meal list." (Id. at 4). Lawrence appears to contend that this denial of a religious meal violated his First Amendment rights. (See id. at 5).

Lawrence sues four prison officials: Warden Talutto, Grievance Officer Jennifer Polemitis, Grievance Officer Jason Lando, and Deputy Warden Pigga. (Id. at 2-3; Doc. 1-1). He seeks nominal, compensatory, and punitive damages. (Doc. 1 at 5). Lawrence, however, fails to state a claim upon which relief may be granted, so the court will dismiss his complaint.

2

## II.   STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. See 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" Id. § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); O'Brien v. U.S. Fed. Gov't, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); cf. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits

3

attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations, quotation marks, and footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. Id. (quoting Iqbal, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

Because Lawrence proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less

4

stringent standards than formal pleadings drafted by lawyers[.]" Erickson v.

Pardus, 551 U.S. 89, 94 (2007) (citations omitted).  This is particularly true when

the *pro se* litigant, like Lawrence, is incarcerated.  See Dooley v. Wetzel, 957

F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III.   DISCUSSION

Before addressing the sufficiency of Lawrence's complaint, the Court must

identify the claimed constitutional violation or violations.  See Albright v. Oliver,

510 U.S. 266, 271 (1994) ("The first step in any [Section 1983] claim is to identify

the specific constitutional right allegedly infringed."); Graham v. Connor, 490 U.S.

386, 394 (1989) (explaining that analysis of a Section 1983 claim requires

"identifying the specific constitutional right allegedly infringed by the challenged"

conduct).

Lawrence cites the First, Eighth, and Fourteenth Amendments.[2]  (See Doc.

1 at 3).  As best as the court can ascertain, Lawrence is claiming that his

---

[2] Lawrence also appears to invoke the Fifth Amendment, cursorily claiming that being placed in administrative segregation at LCP due to his prior assaultive conduct violates "double jeopardy." (Doc. 1 at 5).  This claim is a nonstarter.  Prison disciplinary proceedings are not criminal prosecutions.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Furthermore, Lawrence's placement in administrative segregation at LCP due to his prior behavior is not "punishment"; rather, it is an administrative housing and custody decision made by LCP officials based on his previous conduct while incarcerated.  See Crawford v. Lappin, 446 F. App'x 413, 415 (3d Cir. 2011) (nonprecedential) ("[D]ue process is not violated by placing an inmate in administrative custody based on past conduct when that conduct provides a basis for predicting that the inmate will present a danger if corrective measures are not taken. . . .  Nor is there any basis for [plaintiff]'s claim that placement in [administrative segregation] based on previously disciplined conduct constitutes a double jeopardy violation." (citations omitted)); see also Fogle v. Pierson, 435 F.3d 1252, 1262 (10th Cir. 2006) ("Because the Double Jeopardy clause only applies to

extended placement in administrative segregation is cruel and unusual punishment in violation of the Eighth Amendment and also violates the Due Process Clause of the Fourteenth Amendment.  Additionally, Lawrence's claim regarding denial of a religious meal appears to implicate the Free Exercise Clause of the First Amendment.  These Section 1983 claims are deficient for multiple reasons.

### A.    Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); see also Ashcroft v. Iqbal, 556. U.S. 662, 676 (2009) (affirming same principle in Bivens context).  Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct."  Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020).  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity.  Id.

---

proceedings that are essentially criminal in nature, it is well established that prison disciplinary sanctions—such as administrative segregation—do not implicate double jeopardy protections." (citations and internal quotation marks omitted)).  Thus, there is no double jeopardy claim implicated by Lawrence's placement in administrative segregation at LCP.

(quoting Rode, 845 F.2d at 1207). Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability. See id. (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); Lewis v. Wetzel, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); Alexander v. Gennarini, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Lawrence's complaint is completely silent as to the alleged action (or inaction) of the named Defendants. In fact, their names appear only in the caption and defendant-identification section of the form complaint. (See Doc. 1 at 1, 2-3). Moreover, Lawrence identifies both Polemitis and Lando as "Grievance Officers," implying that they likely had no involvement beyond review and denial of Lawrence's post-incident grievances, which is insufficient to establish personal involvement for a Section 1983 claim. Simply put, Lawrence fails to allege that any Defendant was personally involved in the purported

unconstitutional conduct.  Accordingly, the court must dismiss all Section 1983 claims for lack of personal involvement.

### B.   Eighth Amendment Conditions-of-Confinement Claim

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort." Thomas v. Tice, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)).  Nevertheless, the state cannot subject an inmate to cruel and unusual punishment or inhumane treatment, such as deprivation of "basic human needs" like "food, clothing, shelter, medical care, and reasonable safety[.]"  Helling v. McKinney, 509 U.S. 25, 32 (1993) (citation omitted).

To state an Eighth Amendment conditions-of-confinement claim, a plaintiff must plausibly plead both objective and subjective elements.  See Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 226 (3d Cir. 2015).  Objectively, the prisoner must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation.  Id. (citing Farmer v. Brennan, 511 U.S. 825, 843 (1994); Wilson v. Seiter, 501 U.S. 294, 297 (1991)).  "The benchmark for alleging such deprivation is not that the inmate was merely uncomfortable; he or she must show they are

'incarcerated under conditions posing a substantial risk of serious harm.'" Clark v. Coupe, 55 F.4th 167, 179 (3d Cir. 2023) (quoting Farmer, 511 U.S. at 834).

Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety." Chavarriaga, 806 F.3d at 226 (citing Farmer, 511 U.S. at 834). Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm." Id. at 227 (citing Farmer, 511 U.S. at 842).

As to the first element, Lawrence has not identified a sufficiently serious deprivation of life's necessities. His allegation of administrative segregation for 12 months, without more, does not rise to the level of an Eighth Amendment violation. See Griffin v. Vaughn, 112 F.3d 703, 705, 709 (3d Cir. 1997) (finding no Eighth Amendment violation for inmate's placement in administrative segregation for 15 months during pendency of disciplinary proceedings); Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992) ("Segregated detention is not cruel and unusual punishment per se, as long as the conditions of confinement are not foul, inhuman[,] or totally without penological justification."), superseded by statute on other grounds as stated in Nyhuis v. Reno, 204 F.3d 65, 71 n.7 (3d Cir. 2000); Johnson v. Burris, 339 F. App'x 129, 131 (3d Cir. 2009) (nonprecedential) (holding that administrative segregation and loss of minor

privileges did not state a conditions-of-confinement claim); Wilson v. Hogsten, 269 F. App'x 193, 195 (3d Cir. 2008) (nonprecedential) (finding that 12-month placement in the SHU—without alleging facts showing a sufficiently serious deprivation of "life's necessities"—was insufficient to state an Eighth Amendment claim).

Additionally, because Lawrence has not alleged personal involvement, it follows that he likewise has failed to allege deliberate indifference by any Defendant.  In other words, Lawrence has failed to plead that any prison official knew of the alleged unconstitutional conditions and acted with deliberate indifference toward Lawrence's health or safety.

Accordingly, to the extent that Lawrence is asserting an Eighth Amendment conditions-of-confinement claim in his complaint, he has not plausibly alleged either element of such a claim.  Thus, his conditions-of-confinement claim must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## C.    Fourteenth Amendment Due Process Claim

To plausibly state a Section 1983 claim for infringement of procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide

'due process of law.'" Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)).  If a plaintiff cannot identify a protected interest that is "at stake," the analysis is at an end. See Wilkinson v. Austin, 545 U.S. 209, 221 (2005).

Lawrence has not identified a protected liberty or property interest with respect to being housed in administrative segregation for 12 months.  The Supreme Court of the United States has found that segregated housing generally does not reflect an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" such that it implicates a protected liberty interest under the Fourteenth Amendment.  Sandin v. Conner, 515 U.S. 472, 484, 486 (1995).  The Third Circuit, moreover, has repeatedly held that disciplinary segregation for periods longer than that of which Lawrence complains does not rise to the level of an atypical and significant hardship.  See Griffin v. Vaughn, 112 F.3d 703, 705-07 (3d Cir. 1997) (fifteen months); Dunbar v. Barone, 487 F. App'x 721, 725 (3d. Cir. 2012) (540 days).

It is true that, at a certain point, indefinite administrative segregation in severe conditions without procedural due process protections could become unconstitutional.  See, e.g., Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000) (finding that eight years in administrative custody, in "virtual isolation" that was nearly identical to solitary confinement, was an "atypical and significant" hardship

that implicated a protected liberty interest).  Lawrence cites <u>Koch v. Lewis</u>, 216 F. Supp. 2d 994 (D. Ariz. 2001), in his complaint to support his due process claim. (<u>See</u> Doc. 1 at 4, 5).  However, in that case, the inmate's administrative detention involved "draconian," near-solitary conditions and spanned more than five years "with no end in sight."  <u>Koch</u>, 216 F. Supp. 2d at 1000-02.

Lawrence does not describe his conditions of confinement at LCP and—at the time of his complaint—has only been in administrative segregation for approximately 12 months.  Because Lawrence has not identified a protected liberty interest that is at stake, he has failed to state a Fourteenth Amendment procedural due process claim.

### D.  Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."  <u>Grayson</u>, 293 F.3d at 114.  Any Section 1983 claim involving the Fifth Amendment's Double Jeopardy Clause will be dismissed with prejudice, as leave to amend would be futile.  <u>See</u> <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000); <u>Centifanti v. Nix</u>, 865 F.2d 1422, 1431 (3d Cir. 1989) ("[T]he district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss.").  Lawrence's allegations

of administrative detention at LCP do not, and cannot, plausibly state a double jeopardy claim.

As noted above, Lawrence's First Amendment free exercise claim must be dismissed for failure to plead personal involvement.  However, that claim may not be reasserted in an amended complaint in this action.  Lawrence is essentially attempting to bring two unrelated lawsuits against different defendants in a single complaint.  This he cannot do.  The allegations that make up his administrative detention claims are not part of the "same transaction, occurrence, or series of transactions or occurrences" underlying his First Amendment free exercise claim, nor is there a "question of law or fact common to all defendants" such that these claims and additional defendants could be permissively joined together in this action.  See FED. R. CIV. P. 20(a)(2)(B).

Lawrence is free to file a separate lawsuit based on these unrelated First Amendment allegations, although the court notes that he would be required to pay the filing fee for that separate case.  See id.; George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (explaining that "[u]nrelated claims against different defendants belong in different suits" not only to prevent confusion but also to ensure that prisoners pay the required filing fees under the PLRA); Redding v. Bilinski, No. 3:15-cv-1047, 2015 WL 3710842, at *1-2 (M.D. Pa. June 12, 2015)

(same).  He would also need to cure the pleading deficiencies identified in this Memorandum.

It is conceivable that Lawrence could amend his Eighth and Fourteenth Amendment claims related to his administrative detention.  If he chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings.  The amended complaint should set forth Lawrence's claims in short, concise, and plain statements, and in sequentially numbered paragraphs. Lawrence must address the pleading deficiencies identified in this Memorandum. He may not include claims that have been dismissed with prejudice.  He must specify the offending actions taken by a particular defendant, sign the amended complaint, and indicate the nature of the relief sought.  He may not include unrelated claims against different defendants in violation of Federal Rule of Civil Procedure 20(a)(2).

If Lawrence does not timely file an amended complaint, dismissal without prejudice of his Eighth and Fourteenth Amendment claims will automatically convert to dismissal *with prejudice* and the court will close this case.

## IV.   CONCLUSION

Based on the foregoing, the Court will dismiss Lawrence's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Limited leave to amend will be granted.  An appropriate Order follows.

Date: 5/22/24

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court