IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| XYAVION LAWRENCE,<br>　　　　Plaintiff | : | No. 3:24-CV-0502 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN TALUTTO, *et al.*,<br>　　　　Defendants | : | |

## ORDER

**AND NOW**, in accordance with the accompanying Memorandum, **IT IS ORDERED THAT**:

1. Plaintiff's motions for leave to proceed *in forma pauperis* (Docs. 4, 8) are **GRANTED**.

2. Plaintiff shall pay the full filing fee of $350.00 based on the financial information provided in the application to proceed *in forma pauperis*. The full filing fee shall be paid regardless of the outcome of the litigation.

3. Pursuant to 28 U.S.C. § 1915(b)(1) and (2), the Superintendent, Warden, or other appropriate official at Plaintiff's place of confinement is directed to deduct an initial partial filing fee of 20% of the greater of:

    a. The average monthly deposits in the inmate's prison account for the past six months, or

    b. The average monthly balance in the inmate's prison account for the past six months.

    The initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number. In each succeeding month, when the amount in Plaintiff's inmate trust fund account exceeds $10.00, the

Superintendent/Warden, or other appropriate official, shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to plaintiff's inmate trust fund account until the fees are paid. Each payment shall reference the above-captioned docket number.

4. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent/Warden of the institution wherein Plaintiff is presently confined.

5. Plaintiff's complaint is **DISMISSED** without prejudice as to all Section 1983 claims (except for Plaintiff's Fifth Amendment claim regarding double jeopardy) pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

6. Plaintiff's Section 1983 Fifth Amendment claim alleging a double jeopardy violation is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

7. Plaintiff, if he so desires, may file an amended complaint in conformity with the accompanying Memorandum within **21 days** of the date of this Order. If an amended complaint is not timely filed, dismissal will automatically convert to dismissal with prejudice and the court will close this case.

8. Plaintiff's motion for default judgment (Doc. 11) is **DISMISSED** as moot in light of paragraphs 5 through 7 above and because there has been no service of any pleading in this action on any Defendant. See generally FED. R. CIV. P. 55.

Date: 5/22/24

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court